UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| OSMANYS M. PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-194-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN HOGSTEN, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

On or about July 16, 2010, Osmanys M. Perez, an individual formerly in the custody of the Federal Bureau of Prisons ("BOP") who was then incarcerated at the Federal Correctional Institution in Manchester, Kentucky, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Perez claimed that his sentence expired on July 13, 2010, and that he was being illegally confined due to an INS[1] detainer. Perez requested immediate release from custody. Because Perez is no longer in the custody of the BOP, his habeas petition will be denied and this action will be dismissed.

**I.**

Habeas corpus jurisdiction exists under the terms of 28 U.S.C. § 2241 where the petitioner asserts a claim that his *current* custody is illegal, in that it violates the U.S.

---

[1] The Court notes that the initials "INS" are an acronym for the federal Immigration and Naturalization Service, the immigration agency of the United States that was formally abolished in March of 2003, when the law enforcement function of the INS was transferred to the United States Bureau of Immigration and Customs Enforcement ("ICE"), which is in the Department of Homeland Security. The change in the law and the nomenclature do not affect the immigration detainer or the instant cause of action. However, the Court will use the current acronym, "ICE."

Constitution or a federal statute.

Perez claims that he has completed service of a criminal sentence, but that he remains in custody. He alleges that his continued detention is based on an ICE detainer that was placed on him at the prison. The regulation governing Department of Homeland Security detainers is 8 C.F.R. § 287.7, which provides that a "detainer serves to advise another law enforcement agency that the [Department] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a). "The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." *Id.*

Due to the ICE detainer, the BOP did not release Perez from custody when his sentence expired. Perez challenges the speed of the BOP prison staff at FCI-Manchester in processing and submitting his paperwork so that he could be released to the Department of Homeland Security.

Respondent advises that subsequent to the filing of this action, Perez was released from the BOP's custody on July 24, 2010, into the custody of the Homeland Security staff. [R. 7, Ex. 1.] According to John R. Korkin, Supervisory Deportation Officer, ICE Enforcement and Removal Operations, Perez is Cuban and therefore is not subject to deportation. Perez was released from ICE custody in Jena, Louisiana, on August 3, 2010, and was scheduled to report, pursuant to an Order of Supervision, to Korkin's office on September 7, 2010. Respondent also advises that Perez did not report to Korkin's office on September 7 and is currently at large.

## II.

The Court concludes that this habeas petition should be dismissed for two reasons: (1)

lack of subject matter jurisdiction due to mootness, and (2) petitioner's failure to exhaust administrative remedies.

The doctrine of mootness is a jurisdictional question. *Allen v. Wright*, 468 U.S. 737, 750 (1984). A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). Mootness has been characterized as "the doctrine of standing set in a time frame." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997). In other words, for a case to continue through the court system, it must continually possess what was required for the case to begin - a justiciable case or controversy as required by Article III. *See, e.g., Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995) ("Under Article III, [a court] 'may only adjudicate actual, ongoing controversies.'") (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)).

The subject habeas petition is moot because Perez is no longer being held at FCI-Manchester and was released to the custody of Homeland Security on July 24, 2010. Accordingly, there is no justiciable case or controversy left for this Court to consider, and "[n]othing remains to be enjoined . . . ." *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993), *cert. denied*, 508 U.S. 940 (1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)).

Perez also failed to exhaust his administrative remedies as to these issues. Courts have consistently required full exhaustion of administrative remedies in cases brought as habeas corpus petitions. *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986), *cert denied*, 479 U.S. 1056 (1987). The law of the Sixth Circuit Court of Appeals mandates the exhaustion of

administrative remedies in cases brought as petitions for writ of habeas corpus challenging the fact or duration of an inmate's sentence. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). Thus, Perez's petition should be dismissed for this reason as well.

### III.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Osmanys M. Perez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [R. 2] is **DENIED AS MOOT**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Karen Hogsten, Warden of FCI-Manchester.

This the 13th day of May, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge